Debtor **REYNORD EMMERSON SLUSHER**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE** ☐ Check if this is an amended plan
[Bankruptcy district]

Case number:

Official Form 113
Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☑ The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.

☑ The plan sets out nonstandard provisions in Part 9.

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☐ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☑ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$596.00 Bi-weekly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

APPENDIX D                                     Chapter 13 Plan                                                   Page 1
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy
Case 3:15-bk-04502    Doc 2    Filed 06/30/15    Entered 06/30/15 16:13:46    Desc Main
Document      Page 1 of 6

| Debtor | **REYNORD EMMERSON SLUSHER** | Case number | |

☐ Debtor(s) will treat income refunds as follows:

_____

_____

**2.4 Additional payments.**
  *Check one.*
  ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**77,400.00**.

| Part 3: | **Treatment of Secured Claims** |

**3.1 Maintenance of payments and cure of default, if any.**
  *Check one.*
  ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| **Name of Creditor** | **Collateral** | **Current installment payment** (including escrow) | **Amount of arrearage, if any** | **Interest rate on arrearage** (if applicable) | **Monthly plan payment on arrearage** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|---|
| BAYVIEW FINANCIAL | 211 GAYLAND CT | $868.00 CLASS 4 Disbursed by: ☑ x Trustee ☐ x Debtor(s) | $4,000.00 | 0.00% | CLASS 6 | $56,080.00 |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
  **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

  ☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| **Name of creditor** | **Estimated amount of creditor's total claim** | **Collateral** | **Value of collateral** | **Amount of claims senior to creditor's claim** | **Amount of secured claim** | **Interest rate** | **Monthly payment to creditor** | **Estimated total of monthly payments** |
|---|---|---|---|---|---|---|---|---|
| HEIGHTS FINANCE | $5,486.00 | 2002 DODGE RAM 7/20/11 | $3,000.00 | $0.00 | $3,000.00 | 3.25% | $55.00 CLASS 5 | $3,166.15 |

Debtor     **REYNORD EMMERSON SLUSHER**          Case number

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑  **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4 Lien avoidance

Check one.
☑  **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one
☑  **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$3,096.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,300.00**.   CLASS 3

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☑  **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
☑  **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐  The sum of $
☑  **100.00** % of the total amount of these claims.   CLASS 7
☐  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **$2533.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.
**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

Debtor **REYNORD EMMERSON SLUSHER**   Case number _____

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

    ☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

    ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | **Order of Distribution of Trustee Payments** |

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**

1. **Filing Fee**
2. **Notice Fee**
3. **Attorney Fee at $250.00 per month**
4. **Monthly Mortgage Claims with fixed monthly payment**
5. **Secured Claims with fixed monthly payments**
6. **Mortgage Arrears (pre-petition per the claim and post-petition, pre-confirmation installments)**
7. **General Unsecured Claims**
8. **Claims allowed Pursuant to Section §1305**

| Part 8: | **Vesting of Property of the Estate** |

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other:

| Part 9: | **Nonstandard Plan Provisions** |

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Debtor will make regular payments to the Trustee as follows:**

**Debtor REYNORD SLUSHER $ 596.00 BIWEEKLY FROM METRO GOVERNMENT PO BOX 196300 NASHVILLE TN 37219**

**ADEQUATE PROTECTION PAYMENTS OF $20.00 PER MONTH TO HEIGHTS FINANCE FOR THE 2002 DODGE RAM**

**Confirmation of this Plan shall impose upon any claimholder treated under Part 3.1 of this plan and holding collateral, the debtor's residence, the obligation to:**

    **To apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For the purposes of this Plan, the "pre-confirmation" arrears shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the**

**later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.**

**The Trustee may adjust the post-petition regular payments noted above and payments to the plan upon filing notice of such adjustment to the debtor, debtor's attorney, creditor, Chapter 13 Trustee and the U.S. Trustee, where, and to the extent the underlying contract provides for modification and this is pursuant to Notices received under Rule 3002.1(b), and to pay post-petition fees, costs, and charges notices under 3002.1(c).**

**Creditors not advising the Trustee of change of address may be deemed to have abandoned claim.**

**Post-petition claims allowed pursuant to §1305 shall be paid in full but subordinated to the payment of unsecured claims.  CLASS 8**

Part 10:  Signatures:

X    /S/ MARK R PODIS                                    Date    **June 29, 2015**
     **MARK R. PODIS 012216**
     Signature of Attorney for Debtor(s)

Debtor  **REYNORD EMMERSON SLUSHER**          Case number

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | $56,080.00 |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | $3,166.15 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | $0.00 |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | $0.00 |
| e. | **Fees and priority claims** (Part 4 total): | $6,396.00 |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | $5,019.00 |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | $0.00 |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | $0.00 |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | $0.00 |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   + | $0.00 |

**Total of lines a through j**................................................................................................................  $70,661.15